Hans Goerz, Plaintiff pro se
118 Meandering Way
Del Rio, Texas 78840
hgoerz@stx.rr.com

FILED
OCT 1 1 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ A.O.

U. S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Del Rio Division

| | |
|---|---|
| HANS GOERZ,<br>Plaintiff,<br><br>v.<br><br>FRANK KENDALL, III,<br>SECRETARY,<br>U.S. DEPARTMENT OF THE AIR FORCE,<br>Defendant. | Court No:<br><br>**DR 23CV0051**<br><br>October 05, 2023 |

## COMPLAINT

NOW COMES HANS GOERZ hereinafter referred to as Plaintiff, pro se, complaining of discrimination and retaliation against Frank Kendall, III, Secretary, U. S. Department of the Air Force (hereafter "Defendant"). This is an employment-related action for violations of the Plaintiff's rights granted under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Based on his national origin and prior protected EEO activities, Plaintiff's terms and conditions of employment were adversely affected. The alleged discrimination occurred at Defendant's Laughlin Air Force Base (AFB), in Texas. Jurisdiction is proper in this revue because the acts complained of occurred in the Western District of Texas, Del Rio Division.

*Parties*

1. Hans Goerz, Plaintiff pro se, is an adult residing at 118 Meandering Way Del Rio, Texas 78840. His email address is: hgoerz@stx.rr.com.

2. Goerz was born in Germany.

3. Goerz was employed by the United Stated Air Force as an Airplane Simulator Instructor at Laughlin AFB, first as a contract employee during the period between May 1998 and October 2010; then as a civilian employee in the excepted service between October 2010 and April 6, 2019, when he was removed.[1]

4. Plaintiff had served as an Airplane Pilot (Simulator Instructor), GS-2182-12.

5. Frank Kendall, III, is Secretary of U. S. Department of the Air Force, whose office is located at 1690 Air Force Pentagon, Washington, DC 20330-1670.

6. At all relevant times, Colonel (Col) Timothy MacGregor was Commander, 47th Operations Group, Laughlin AFB, Texas.

7. At all relevant times, Major (Maj) Jeremy Miniter was Bio Engineering Flight Commander, Laughlin AFB, Texas.

8. Lt Col Greg Soderstrom has been the 47th STUS Commander since May 15, 2015.

9. Theodore "Ted" Glenn (Airplane Pilot, T-38 Simulator Instructor, GS-2181-12) served as Plaintiff's first level supervisor between October 1, 2010 and January 15, 2016.

10. At all relevant times, Cindy Candenas was Chief, 47th Flying Training Wing (FTW)/Civilian Personnel Officer (CPO), GS-0201-12).

---

[1] The removal action, having already been litigated (2:20-cv-00049-AM) and dismissed on summary judgment, is not at issue in the instant matter.

2

11. At all relevant times Danny L. Williams was Director of Simulations and Academics Branch, GS-2181-13, 47th Operations Group. He became Plaintiff's first level supervisor since mid January 2016.

12. At all relevant times Maria Isabel Castillo, GS-11, was a Human Resources Specialist (Employee and Labor Relations) and Assistant Director of Simulations and Academics Branch, 47th Force Support Squadron/FSMC.

*Prior EEO Cases*

13. Goerz filed his first EEO complaint on February 15, 2015, alleging discrimination and hostile work environment based on his national origin, Germany, during the period between April 2010 and October 2014.

14. The primary responsible management officials (hereinafter "RMO") identified in the EEO complaint were Theodore Glenn and Danny Williams.

15. Goerz filed his second EEO complaint on April 11, 2016, alleging he was discriminated against in retaliation for having filed a previous formal complaint.

16. The primary RMO's identified therein were Theodore Glenn, Danny Williams, Lt. Col. Soderstrom, Col Timothy McGregor and Ms. Cindy Cardenas.

17. Goerz' third EEO complaint, filed on July 7, 2017, alleged that he was subjected to a hostile work environment based on religion, his national origin, and in retaliation for having filed the first two EEO complaints.

18. The primary RMOs identified in the third EEO complaint were Theodore Glenn and Damly Williams.

19. Lt Col Greg Soderstrom became aware of Plaintiff's prior EEO activity since summer of 2015.[2]

20. Theodore "Ted" Glenn became aware of Plaintiff's prior EEO activity in January 2015.[3]

21. Cindy Candenas became aware of Plaintiff prior EEO activity in January 2015.[4]

22. Danny L. Williams became aware of Plaintiff's prior EEO activity in February 2015.[5]

*Particulars of the Complaint of Discrimination*

23. Based on his national origin (Germany) and his prior protected EEO activities, Plaintiff was discriminated against and retaliated against when:

    a. In February 2015 Colonel (Col) Timothy MacGregor (Commander, 47th Operations Group) directed Major (Maj) Jeremy Miniter (Bio Engineering Flight Commander) to initiate a Commander-Directed Investigation (CDI), mainly targeting Plaintiff and his EEO claims.

        i. Maj Miniter reached the conclusion that the charges leveled at Plaintiff was unsubstantiated.

    b. On or about July 27, 2015 Cindy Cardenas (Chief, 47th Flying Training Wing (FTW)/Civilian Personnel Officer (CPO), GS-0201-12), Danny Williams (Director, 47th Student Squadron (STUS)/DA, GS-2181-13), and Theodore "Ted" Glenn (Airplane Pilot, T-38 Simulator Instructor, GS-2181-12) decertified Plaintiff as an Academic and Simulator Instructor.

---

[2] See Agency's Motion for Decision Without a Hearing, dated April 11, 2018 (file on Agency No. 5E0J16002, EEOC no. 451-2017-00018X), at p. 5.
[3] Ibid.
[4] Ibid.
[5] Ibid.

4

   i. Glenn issued a Memorandum For Record, notifying Plaintiff of the decertification.

c. On or about July 27, 2015 Theodore Glenn changed Plaintiff's work hours involuntarily (from 0900-1700 to 1200-2000), effective August 3, 2015, making it difficult for Plaintiff to take care of his wife's health conditions.

d. Between July 24, 2015 and October 27, 2015 Plaintiff was denied sick leave and was charged instead with Absent Without Leave (AWOL).

e. Between October 28, 2015 and January 31, 2016 Plaintiff was forced to take unpaid leave under Family and Medical Leave Act (FMLA).

f. On or about November 17, 2015 Lt Col Greg Soderstrom prohibited Plaintiff from entering the work center while on FMLA.

g. On or about December 17, 2015 Lt Col Soderstrom authorized Theodore Glenn (Plaintiff's first level supervisor) to intimidate Plaintiff by issuing a Notice of Proposed 12-day Suspension.

h. On April 30, 2015 Theodore Glenn accused Plaintiff of groundless "dubious" conducts, falsely alleging that Plaintiff ridiculed and struck students.

i. On or about January 2016 Danny L. Williams (Director of Simulations and Academics, GS-2181-13, 47th Operations Group) intimidated Plaintiff by sending an undated Memorandum For Record (MFR) to Plaintiff, notifying rescission of the December 2015 notice of proposed 12-day suspension.

j. On or about February 1, 2016 Danny L. Williams denied Plaintiff from returning to work after a long period of sick and FMLA leave, instructing him to "leave the work center immediately."

k. On or about February 1, 2016 Danny L. Williams denied Plaintiff's retraining.

l. Between April 1, 2010 and October 24, 2010 Isabel Castillo, Human Resources Specialist (Employee and Labor Relations, GS-11) and Assistant Director (GS-12) of Simulations and Academic Branch, 47th Force Support Squadron/FSMC, failed to properly apply "Exception Clause"[6] to allow Plaintiff to be converted by October 1, 2010 (as required by statute) as a permanent employee.

   i. On October 1, 2010 Plaintiff was sworn in as a "temporary hire" as GS-2181-12 Airplane Pilot without security clearance (and thus without a US citizenship).

   ii. Sometime between October 1, 2010 and October 24, 2010 Plaintiff obtained US citizenship.

m. Between April 1, 2010 and October 24, 2010 Isabel Castillo, Human Resources Specialist (Employee and Labor Relations, GS-11) and Assistant Director (GS-12) of Simulations and Academic Branch, 47th Force Support Squadron/FSMC, failed to properly apply "Exception Clause"[7] to allow Plaintiff to be converted to GS-13 and not to GS-12, as he was so converted as a permanent employee.

   i. The salary disparity between GS-12 and GS-13 is approximately $25,000 annually.

---

[6] Signed into law by President Obama, allowing a certain prior contractor positions to be converted to federal competitive positions by October 1, 2010 without having US citizenship, if the position is considered "essential."
[7] Signed into law by President Obama, requiring a certain prior contractor positions to be converted to federal competitive positions by October 1, 2010.

  ii. Plaintiff discovered this salary disparity when he researched on his own on OPM regulations a few years later.

  iii. The "Exception Clause" was applied to the following America-born employees, however: Ron Burgi, Dave Loftus, Donald Jorgensen, Charles Hennegar, Thomas Moore, Bill Garret, Richard Beitel, Paul Kluzek, and Carlos Febres.

  iv. The failure to apply "Exception Clause" since April 1, 2010 adversely impacted Plaintiff's salary on a continuing and on-going basis until the time of Plaintiff's initial contact with EEO counselor on October 21, 2014 and through the time of his removal effective April 5, 2019.

  v. When on October 24, 2010 Plaintiff was converted as a permanent federal employee, he was not hired as a new employee.

  vi. Approximately 80 individuals were converted around the time Plaintiff was converted under the "Exception Clause."

n. Since October 24, 2010 to the time of his initial contact with EEO counselor on October 21, 2014 and through the time of his removal effective April 5, 2019, Plaintiff was denied 2 hours of leave accrual per pay period, as he was allowed to accrue only 6 hours, instead of 8 hours, of leave each pay period.

  i. Since he was converted to the permanent position and not hired as a new employee, he should have been entitled to the 15-year service credit for the purpose of calculating leave accrual.

  ii. The denial of the 15-year service leave credit since October 24, 2010 to the time of Plaintiff's initial contact with EEO counselor on October 21, 2014

35. The above alleged complaints (at par. 23 "a" through 23 "k") were filed in a motion to amend the complaint at this Court on May 9, 2023 (ECF no. 64, Court No. 2:20-cv-00049-AM).

36. On October 2, 2023 Chief U. S. District Judge Alia Moses dismissed the case on summary judgment.

37. On October 2, 2023 Chief U. S. District Judge Alia Moses also denied the aforementioned amended complaint as moot and untimely, given that fact that the initial matter is being dismissed on summary judgment (Court No. 2:20-cv-00049-AM at ECF no. 78).

*Exhaustion of Administrative Remedy*

The Case with Agency No. 5E0J16002

38. On February 8, 2023 Office of Federal Operations (OFO) issued its Decision affirming Final Agency Decision, containing the allegations raised in the instant case (at par. 23 "a" through 23 "k"): Agency No. 5E0J16002, EEOC no. 510-2022-00040X, OFO appeal no. 2022002573.

39. As stated above, the above alleged complaints (at par. 23 "a" through 23 "k") were filed in a motion to amend the complaint at this Court on May 9, 2023 (ECF no. 64, Court No. 2:20-cv-00049-AM).

40. As stated above, on October 2, 2023 the said motion to amend the complaint was denied by Chief U. S. District Court Judge Alia Moses (Court No. 2:20-cv-00049-AM at ECF no. 78).

The Case with Agency No. 5E0J15002

41. On October 21, 2014 Plaintiff made his initial contact with EEO counselor, after which he filed a formal EEO complaint on February 11, 2015, alleging, among others, delayed hiring

10

into a permanent position (since April 1, 2010) by failing to apply the exception clause, denying appropriate accrual of leave per pay period for 15 years since the hire date of October 1, 2010, and being charged with Absence Without Leave (AWOL) for 8 hours on September 15, 2014 (par. 23 "I" through 23 "M") based on his national origin (Germany).

42. The case was docketed with the following numbers: Agency no. 5E0J15002, EEOC no. 451-2016-00035X, OFO appeal no. 2022002485.

43. On July 13, 2023 OFO issued its decision dismissing the case for untimely filing.

*Remedies Sought*

44. Plaintiff seeks the following remedies, among others:

   a. Lost wages and benefits in the amount of $25,000 per year, caused by the conversion into GS-12 rather than to GS-13 starting October 1, 2010 to the time of Plaintiff's removal effective April 5, 2019.

   b. Reimbursement of lost leave accrual for 2 hours each pay period between October 1, 2010 and April 5, 2019.

   c. Purging and restoration of time charged for AWOL for the time period between July 24, 2015 and October 27, 2015.

   d. Restoration for having to take FMLA leave for the time period between October 28, 2015 and January 31, 2016.

   e. Compensatory and consortium damages in the amount of $300,000.

   f. Attorney fee of $10,000.

*No Jury Trial Demanded*

Plaintiff seeks a bench trial.

11

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the above document (Complaint and attachments referenced below) were served to the party identified below on the day of signature below by means indicated below:

U. S. DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
Del Rio Division
U.S. District Clerk's Office
111 East Broadway, Room L100
Del Rio, Texas 78840

Via FedEx

Jaime Esparza
U. S. Attorney
U. S. Department of Justice
601 NW Loop 410, Suite 600
San Antonio, Texas 78216

Via FedEx

Attachments:

Complaint
Summons
Civil Cover Sheet
Check or money order: $402.00.

Date: 10/10/2023

Chungsoo J. Lee
EEO 21, LLC
201 York Road, Ste. 1-535
Jenkintown, PA. 19046

13

