FILED

MAY 27 2025

*United States Court of Appeals*

FIFTH CIRCUIT

OFFICE OF THE CLERK

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

May 27, 2025

Mr. Philip Devlin
Western District of Texas, Del Rio
United States District Court
111 E. Broadway Street
Room L100
Del Rio, TX 78840-0000

        No. 24-50383    Goerz v. Kendall
                        USDC No. 2:23-CV-51

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a
copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill
of costs.

                        Sincerely,

                        LYLE W. CAYCE, Clerk

                        By: _____
                        Mary Frances Yeager, Deputy Clerk
                        504-310-7686

Enclosure
cc:   Mr. Hans Goerz
      Mr. David B. Goode
      Mr. Huiju Jeon

# United States Court of Appeals
# for the Fifth Circuit

No. 24-50383

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2025

HANS GOERZ,

Lyle W. Cayce
Clerk

*Plaintiff—Appellant,*

*versus*

FRANK KENDALL, III, *Secretary, U.S. Department Of The Air Force,*

*Defendant—Appellee.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CV-51

Before KING, JONES, and OLDHAM, *Circuit Judges.*

## J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

IT IS FURTHER ORDERED that Appellant pay to Appellee the costs on appeal to be taxed by the Clerk of this Court.

No. 24-50383

The judgment or mandate of this court shall issue 7 days after the time
to file a petition for rehearing expires, or 7 days after entry of an order denying
a timely petition for panel rehearing, petition for rehearing en banc, or motion
for stay of mandate, whichever is later. See Fed. R. App. P. 41(b). The court
may shorten or extend the time by order. See 5th Cir. R. 41 I.O.P.

Certified as a true copy and issued
as the mandate on **May 27, 2025**

Attest: *Jyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

2

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2025

Lyle W. Cayce
Clerk

No. 24-50383

HANS GOERZ,

*Plaintiff—Appellant,*

*versus*

FRANK KENDALL, III, *Secretary, U.S. Department Of The Air Force,*

*Defendant—Appellee.*

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:23-CV-51

Before KING, JONES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Hans Goerz challenges the dismissal of his Title VII claims under the doctrine of *res judicata*.[1] Because we find that these claims arise from the same cause of action as those in the prior proceeding, we AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] Goerz also challenges the district court's dismissal of his motion to amend filed in *Goerz v. Kendall*, No. DR-20-CV-49-AM, 2023 WL 6394396 (W.D. Tex. Oct. 2, 2023);

No. 24-50383

## I. Background

In April 2019, the United States Air Force ("USAF") terminated Hans Goerz's employment as a simulator instructor at Laughlin Air Force Base. In August 2020, Goerz filed suit against the Secretary of the USAF, challenging his termination under the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act. The district court granted summary judgment for the Secretary, finding that Goerz failed to show that the Secretary's reasons for removal were pretext. *Goerz v. Kendall*, No. DR-20-CV-49-AM, 2023 WL 6394396 (W.D. Tex. Oct. 2, 2023) ("*Goerz I*"). A panel of this court recently affirmed that decision. *Goerz v. Kendall*, No. 24-50151, 2024 WL 4930385 (5th Cir. Dec. 2, 2024).

Three years after filing *Goerz I*, Goerz filed a second Title VII claim against the Secretary in October 2023. ("*Goerz II*"). In *Goerz II*, Goerz alleges that the USAF improperly paid him and denied him accrued leave between 2010 and 2019 during his employ at Laughlin Air Force Base. Goerz initially raised these claims before the Equal Employment Opportunity Commission, which dismissed them in February 2023. The Secretary then moved to dismiss *Goerz II* under FRCP 12(b)(6), asserting that the claims were precluded by *res judicata* due to the prior judgment in *Goerz I*. The district court granted the motion to dismiss, and Goerz timely appealed. As Goerz is proceeding *pro se*, we "construe [his] pleadings . . . liberally." *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

---

*aff'd*, No. 24-50151, 2024 WL 4930385 (5th Cir. Dec. 2, 2024). Because that dismissal arose in a separate case, we will not address it here.

2

No. 24-50383

## II. Standard of Review

"The *res judicata* effect of a prior judgment is a question of law" and reviewed *de novo*.  *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

## III. Discussion

"[R]*es judicata*, or claim preclusion, forecloses relitigation of claims that were or could have been raised in a prior action."  *Id.* at 312–13 (citing *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414 (1980)).  For a claim to be barred by *res judicata*, four elements must be met:

> (1) the parties in both the prior suit and the current suit must be identical;
> (2) a court of competent jurisdiction must have rendered the prior judgment;
> (3) the prior judgment must have been final and on the merits; and
> (4) the plaintiff must raise the same cause of action in both suits.

*Id.* at 313 (citing *Howe v. Vaughn*, 913 F.2d 1138, 1143–44 (5th Cir. 1990).  The parties did not dispute the first three elements in the district court.[2]  As the district court noted, the parties in *Goerz I* and *Goerz II* are identical.  Second, the district court had jurisdiction under 18 U.S.C. § 1331 in deciding *Goerz I*.  Third, the grant of summary judgment for the Secretary in *Goerz I* was a final judgment.  The remaining question, therefore, is whether Goerz "raise[d]

---

[2] Goerz asserts, for seemingly the first time on appeal, that the parties in *Goerz I* and *Goerz II* are not identical because different "responsible management officials" were involved throughout his time at Laughlin.  As this argument was not raised before the district court, it is forfeited.  *XL Specialty Ins. Co. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008).  In any event, the only named parties in both cases are Goerz and the Secretary of the USAF.

No. 24-50383

the same cause of action in both [*Goerz I* and *Goerz II*]." *Davis*, 383 F.3d at 313.

To determine whether the suits raise the same cause of action, "we apply the 'transactional' test." *Id.* (citation omitted). Under that test, the *Goerz I* judgment will be preclusive on a subsequent action "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id.* (quoting *Petro–Hunt, L.L.C. v. United States*, 365 F.3d 385, 395–96 (5th Cir. 2004) (alteration in original)). Whether facts are a part of the same transaction or series of transactions is determined by considering "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citation omitted). The "critical issue" is whether the actions are based on the "same nucleus of operative facts." *Id.*

In *Goerz I*, Goerz brought a Title VII retaliation claim for alleged discrimination and retaliation based on his previous Equal Employment Opportunity ("EEO") complaints, national origin, and religion. 2023 WL 6394396, at *1–2. In the second case, Goerz again alleges unlawful discrimination and retaliation because of his national origin and EEO complaints, and he refers to the same three EEO filings that formed the basis of his retaliation claim in *Goerz I*. While the facts alleged in *Goerz II* extend back to 2010, they all relate to Goerz's employment at Laughlin Air Force Base and predate the claims in *Goerz I*. That the potential remedies from each case wouldn't overlap does not cure the preclusive effect of *res judicata*, as "[t]he nucleus of facts defines the claim rather than the legal theory posed or recovery sought." *Matter of Howe*, 913 F.2d 1138, 1144 n.10 (5th Cir. 1990). The district court correctly held that "[b]oth cases originate from the same continuing course of discriminatory conduct and are therefore barred by the doctrine of res judicata."

4

No. 24-50383

Goerz also asserts that he was unable to include these claims in *Goerz I* because they were not administratively exhausted before the EEOC until the decision on February 8, 2023.  However, "a plaintiff who brings a Title VII action and files administrative claims with the EEOC must still comply with general rules governing federal litigation respecting other potentially viable claims." *Davis*, 383 F.3d at 316 (internal quotations omitted); *see also Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 366 (5th Cir. 2014) (discussing how a plaintiff can avoid losing their right to bring claims in federal court while pursuing administrative remedies).

For the foregoing reasons, we AFFIRM.

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

Print Form

## BILL OF COSTS

**NOTE: The Bill of Costs is due in this office** *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. **Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.**

Hans Goerz      v.   Frank Kendall, III, Secretary, U.S. Dept. of the Air Force   No. 24-50383

The Clerk is requested to tax the following costs against: Appellant, Hans Goerz

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 7 | 15 | 0.15 | 15.75 | | | | |
| Appellant's Reply Brief | | | | | | | | |
| Other: | | | | | | | | |

Total $ 15.75

Costs are taxed in the amount of $ 

Costs are hereby taxed in the amount of $ _____ this _____ day of _____, _____.

State of 
County of _____

LYLE W. CAYCE, CLERK

By *Jasmine J. Forman*
           Deputy Clerk

I Huiju Jeon _____, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 17th day of April , 2025 .

/s/ Huiju Jeon
(Signature)

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

Attorney for Appellee